UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Leonard Hairston,<br><br>          Plaintiff,<br><br>     v.<br><br>Nevada Gaming Control Board, Nevada Gaming Commission,<br><br>          Defendants. | Case No. 2:24-cv-02134-GMN-DJA<br><br>**Order<br>and<br>Report and Recommendation** |

Under 28 U.S.C. § 1915 Leonard Hairston is proceeding in this action *pro se* and has requested authority to proceed *in forma pauperis*, which means without paying the filing fee. (ECF No. 7). Hairston also submitted a complaint. (ECF No. 1-1). Because the Court finds that Hairston's application is complete, it grants the application to proceed *in forma pauperis*. However, because the Court finds that Hairston attempts to sue immune defendants, the Court recommends dismissing his complaint without leave to amend.

**I.     *In forma pauperis* application.**

Hairston filed the affidavit required by § 1915(a). (ECF No. 7). Hairston has shown an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted under 28 U.S.C. § 1915(a). The Court will now review Hairston's complaint.

**II.    Legal standard for screening.**

Upon granting an application to proceed *in forma pauperis*, courts additionally screen the complaint under § 1915(e). Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend

the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly*, 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Under 28 U.S.C. § 1331, federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Cases "arise under" federal law either when federal law creates the cause of action or where the vindication of a right under state law necessarily turns on the construction of federal law. *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002). Whether federal-question jurisdiction exists is based on the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

1  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states."  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

**III.   Screening the complaint.**

Hairston sues the Nevada Gaming Control Board and the Nevada Gaming Commission, invoking federal question jurisdiction.  (ECF No. 1-1 at 2-3).  Hairston brings his claims under the Due Process Clause of the Fourteenth Amendment, Nevada Revised Statute ("NRS") § 463.153,[1] and NRS § 463.312(2).[2]  (*Id.*).  Liberally construing Hairston's complaint, he alleges that he was a candidate for inclusion on a list of persons to be excluded from gaming establishments and, as a result, was entitled to certain procedural due process, specifically notice and an opportunity to be heard.  (*Id.* at 4).  He alleges that the Board violated NRS § 463.153 by failing to provide him notice of a complaint seeking to include him on the list.  (*Id.*).  Hairston asserts that this failure divested the Commission of jurisdiction to hear the complaint and so, the

---

[1] NRS § 463.151(2) permits the Commission to "provide for the establishment of a list of persons who are to be excluded or ejected from any licensed gaming establishment…"  That list "may include any person whose presence in the establishment is determined by the Board and the Commission to pose a threat to the interests of this state or to licensed gaming, or both."  NRS § 463.151(2).  Whenever putting someone's name on the list, the Board is obligated to serve notice of that fact on the person by personal service, certified mail to their last known address, or by publication daily for one-week in the principal newspapers published in Reno and Las Vegas.  *See* NRS § 463.152.  Within thirty days of receiving the notice by mail or in person, or within sixty days of the last publication, the person named on the list may demand a hearing before the Commission and show cause why the person should have his or her name taken from the list.  *See* NRS § 463.153(1).

[2] NRS § 463.312 does not appear to apply to this case.  That statute governs the contents and service of complaints seeking revocation of gaming licenses and related privileges.  *See* NRS § 463.312(2) (providing that the Board may file a complaint with the Commission if it seeks to limit, condition, suspend, or revoke gaming licenses and other privileges or to fine individuals or entities holding those licenses or privileges).  And Hairston has not alleged any facts showing that this provision applies in this case.  Nonetheless, because the Court recommends dismissing Hairston's complaint on immunity grounds, it does not recommend dismissal on this ground.

Commission's November 17, 2022, order excluding Hairston from gaming establishments was improper. (*Id.*).

Hairston's claims against the Board and the Commission are barred in federal court by the Eleventh Amendment. *See Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). In *Romano v. Bible*, the Ninth Circuit affirmed a district court's dismissal of a plaintiff's claims against the Board and the Commission because "[t]he Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Id.* (citing *Pennhurst v. Halderman*, 465 U.S. 89, 100 (1984)). Although the State of Nevada has waived its common-law sovereign immunity in its own courts, it has explicitly declined to waive Eleventh Amendment protection from suit in federal court. NRS § 41.031. So, Hairston may not bring his claims in federal court, and the Court recommends dismissing his complaint without leave to amend.

## ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 7) is **granted.** Plaintiff shall not be required to pre-pay the filing fee. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This order granting leave to proceed *in forma pauperis* shall not extend to the issuance and/or service of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to file Plaintiff's complaint (ECF No. 1-1) on the docket but shall not issue summons.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to send Plaintiff a copy of this order and report and recommendation.

## RECOMMENDATION

**IT IS RECOMMENDED** that the complaint (ECF No. 1-1) be **dismissed without leave to amend**.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: March 17, 2025,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE