**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEONARD HAIRSTON,<br><br>                    Plaintiff,<br>     vs.<br><br>NEVADA GAMING CONTROL BOARD, *et al.*,<br><br>                    Defendants. | Case No.: 2:24-cv-02134-GMN-DJA<br><br>**ORDER ACCEPTING AND ADOPTING R&R** |

Pending before the Court is the Report and Recommendation ("R&R") by Magistrate Judge Albregts, (ECF No. 8), recommending that Plaintiff's Complaint be dismissed without leave to amend. Plaintiff Leonard Hairston filed an Objection, (ECF No. 9). For the reasons discussed below, the Court **ACCEPTS AND ADOPTS IN FULL** Magistrate Judge Albregts' R&R.

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2. Upon the filing of such objections, the Court must make a *de novo* determination of those portions to which objections are made. *Id.* The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. R. IB 3-2(b).

Plaintiff alleges that Defendants Nevada Gaming Control Board and Nevada Gaming Commission violated the Due Process Clause of the Fourteenth Amendment. (*See generally* Compl., ECF No. 1-1). Plaintiff's Complaint alleges that he was a candidate for inclusion on a list of persons to be excluded from gaming establishments and, as a result, was entitled to certain procedural due process, specifically notice and an opportunity to be heard. (*Id.* at 4). He alleges that the Nevada Gaming Control Board violated NRS § 463.153 by failing to provide

him notice of a complaint seeking to include him on the list. (*Id.*). Plaintiff asserts that this failure divested the Commission of jurisdiction to hear the complaint and so, the Commission's November 17, 2022, order excluding him from gaming establishments was improper. (*Id.*).

As Magistrate Judge Albregts correctly identifies in his R&R, Plaintiff's claims against the Board and the Commission are barred in federal court by the Eleventh Amendment. *See Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) (affirming a district court's dismissal of a plaintiff's claims against the Board and the Commission because "[t]he Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."). Indeed, the State of Nevada has waived its common-law sovereign immunity in its own courts, but it has explicitly declined to waive Eleventh Amendment protection from suit in federal court. NRS § 41.031. Upon *de novo* review of Plaintiff's Complaint, nothing in Plaintiff's Objection overcomes the Complaint's deficiencies identified in the R&R and amendment would be futile. Accordingly, Plaintiff may not bring his claims in federal court. Thus, the Court DISMISSES the case without leave to amend and without prejudice so that Plaintiff may bring this case in the appropriate state court if he so chooses, and the applicable statute of limitations permits.

Accordingly,

**IT IS HEREBY ORDERED** that the R&R, (ECF No. 8), is **ACCEPTED AND ADOPTED IN FULL**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without leave to amend and without prejudice. The Clerk of Court is kindly directed to close the case.

**DATED** this __22__ day of April, 2025.

_____
Gloria M. Navarro, District Judge
United States District Court